# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: T.P. and A.P.

No. 15-1037 (Nicholas County 15-JA-35, & 13-JA-36)

## MEMORANDUM DECISION

Petitioner Father J.P., by counsel J.B. Rees, appeals the Circuit Court of Nicholas County's September 22, 2015, amended order terminating his parental and custodial rights to T.P. and A.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Cammie L. Chapman, filed a response on behalf of the children also in support of the circuit court's order and also filed a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights without granting him an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition against the parents. The petition alleged that the children were abused and neglected. According to the petition, a Child Protective Services ("CPS") worker arrived at the mother's home and found A.P., then nineteen months old, strapped into a car seat in a room separate from the rest of the family. According to the worker, there was feces covering the child's genitals and anus, his entire diaper area was red and inflamed, and he was drinking from a bottle of curdled milk. The following day, CPS received disclosures that the mother routinely left A.P. in his car seat to sleep at night and also snorted pills in the children's presence. The petition also alleged incidents of domestic violence

---

[1] The proceedings in circuit court included additional children that are not petitioner's biological children. Because the circuit court made no rulings concerning these children in regard to petitioner, we address only the circuit court's rulings in regard to petitioner's biological children, T.P. and A.P.

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

in the home, including one incident that resulted in petitioner's arrest for domestic battery. According to the petition, the mother ultimately obtained a final domestic violence protective order against petitioner for a six-month period, although petitioner later violated that order by contacting the mother and threatening to kill her. According to the DHHR, petitioner later pled guilty to a criminal charge related to this violation.

In April of 2015, the circuit court held a preliminary hearing, which petitioner waived. The following month, the circuit court held an adjudicatory hearing, during which petitioner stipulated to abusing and neglecting the children by engaging in domestic violence in their presence. The circuit court then ordered petitioner to undergo multiple services, including a psychological evaluation, substance abuse treatment and testing, and domestic violence and anger management counseling.

In July of 2015, the circuit court held a dispositional hearing, during which it found that petitioner had a lengthy history of domestic violence and violation of protective orders dating back to 1999. Based upon his psychological evaluation, the circuit court determined that petitioner was unlikely to participate in an improvement period. Further, evidence established that petitioner had sporadic participation in the services already offered and was removed from one program due to noncompliance. As such, the circuit court terminated petitioner's parental and custodial rights to T.P. and A.P. Petitioner appeals from the amended dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights without granting him an improvement period.

First, the Court finds no error in regard to the circuit court denying petitioner an improvement period. Importantly, the record is devoid of any evidence that petitioner filed any motion for an improvement period, as required by West Virginia Code §§ 49-4-610(1), (2), and (3). In support of his assignment of error, petitioner alleges only that he should have been entitled to an improvement period because a DHHR caseworker testified at disposition that there

would be no benefit to the children in terminating petitioner's parental rights in light of the fact that the mother received an improvement period. However, the Court notes that petitioner did not include a transcript of the dispositional hearing in the appendix on appeal. Further, petitioner makes no reference to any evidence below that established he was likely to comply with the terms of an improvement period. Pursuant to West Virginia Code § 49-4-610(3), if a parent seeks an improvement period as disposition, then the parent has the burden of proving "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." On the contrary, the circuit court made several findings regarding petitioner's inability to satisfy this burden, including evidence of his failure to comply with services offered in the proceedings through disposition and the psychological evaluation that indicated he was not likely to participate in an improvement period. As such, we find no error in the circuit court denying petitioner an improvement period as a disposition.

Second, the record is clear that the circuit court was presented with sufficient evidence upon which to terminate petitioner's parental rights. Specifically, the circuit court found that petitioner was "unwilling/unable to provide for the children because of the domestic violence in the home . . ." and that continuation in the home was against the children's best interests. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." As outlined above, petitioner failed to comply with the services offered and allowed the conditions of abuse and neglect to continue unabated. Further, contrary to petitioner's argument, the circuit court found that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 22, 2015, order is hereby affirmed.

Affirmed.

3

**ISSUED**: **March 7, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II